**David QUILLIN, and all other similarly situated employees of the State of Oregon; Mike Reinecke; Carl Salter; Glen Rader; Terry Springer; James R. Simpson; Richard Brooke; Patrick Gregg; Terry Griffith; Richard Wingfield; Lawrence Belcher; Glen McDonald; Garold Assmus; Roger Clark;**

---

Ken Stern; James Mediger; Kenneth Chichester; Randle John Sitton; Art Walker; Dennis Dotson; Ron Nelson; Charles E. Hayes; Mike Ross; Andrew M. Olson; James F. Grammer, Plaintiffs–Appellants,

v.

STATE OF OREGON; Leron Holand, in his individual capacity, Defendants–Appellees.

William D. STUHR, and all other similarly situated employees of the State of Oregon; Roberto Reyes–Colon; Robert Allan Jarvill; Randy C. Martinak; Cynthia Eisenmeyer; Judith Stone; David A. Young; Lavon Hall; Daryl W. Reister; Robert R. Amela; Virginia M. Edwards; Alice Ellis; Karen Eastman; Dennis Belsky; Harvey L. Suwol; Nancy J. Blanchard; Roger C. Wagner; Ernest F. Oakes, Plaintiffs–Appellants,

v.

STATE OF OREGON, Defendant–Appellee.

Nos. 96–35790, 96–35777.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1997.

Decided Oct. 21, 1997.

**1138**

John Hoag, Hoag, Garrettson, Goldberg & Fenrich, Eugene, Oregon, for plaintiffs-appellants.

Richard Wasserman, Asst. Atty. Gen., Salem, Oregon, for defendants-appellees.

Before: FERGUSON, REINHARDT, and RYMER, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's dismissal of their actions against the State of Oregon for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Appellants allege that the Eleventh Amendment should not preclude federal jurisdiction over their claims. These cases were consolidated for disposition. Because we lack jurisdiction, we affirm the dismissal.

■ We review *de novo* a district court's conclusion that it lacks subject matter jurisdiction. *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396 (9th Cir.1996).

In *Quillin*, the district court initially granted summary judgment in favor of plaintiffs and awarded unpaid overtime compensation, prejudgment interest, and fees. The parties appealed to this court. While on appeal, the Supreme Court decided *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The State filed a motion to vacate and remand to the district court to dismiss for lack of subject matter jurisdiction in light of *Seminole Tribe*. This court remanded to the district court. The district court subsequently dismissed the case for lack of subject matter jurisdiction. In *Stuhr*, the district court dis-

missed the case for lack of subject matter jurisdiction prior to trial.

**I.**

■ Appellants contend that the district court erred in dismissing their cases based on the State of Oregon's Eleventh Amendment Immunity from suit in federal court. We determine that the district court was correct.

■ The Supreme Court in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, ——––——, 116 S.Ct. 1114, 1131–32, 134 L.Ed.2d 252 (1996), declared that the Eleventh Amendment "prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."[1] The Court explicitly overruled its prior decision in *Pennsylvania v. Union Gas*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989). In *Union Gas*, a plurality of the Court held that the Commerce Clause granted Congress the power to abrogate state sovereign immunity, therefore federal courts had jurisdiction in cases involving federal statutes passed pursuant to Congress' power under the Commerce Clause. *Id.* at 19–20, 109 S.Ct. at 2284–85.

Like the statute at issue in *Union Gas*, FLSA was passed pursuant to the Commerce Clause. *See Garcia v. San Antonio Metro.*, 469 U.S. 528, 537, 105 S.Ct. 1005, 1010, 83 L.Ed.2d 1016 (1985). Therefore, in the absence of a waiver by Oregon of its Eleventh Amendment immunity, federal courts lack jurisdiction to review the claims by the Appellants.

**II.**

■ Appellants' request that we relax the rules regarding waivers of immunity is rejected. The Supreme Court, in *Edelman v. Jordan*, held that a waiver will be found "only where stated 'by the most express lan-

---

1. The Eleventh Amendment provides:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
U.S. Const. amend. XI.

guage or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.' " 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)). The State's failure to raise an immunity defense before the district court, at a time where it was clearly foreclosed by *Union Gas,* is far from an express or implied waiver. Given the lack of any other evidence establishing waiver, review by a federal court is foreclosed.

■ Appellants also request this court to avoid the inherent unfairness of dismissal. They note that while these cases could have been brought in state court, *see Employees of the Department of Public Health & Welfare, State of Missouri v. Department of Public Health & Welfare, State of Missouri,* 411 U.S. 279, 287, 93 S.Ct. 1614, 1619, 36 L.Ed.2d 251 (1973), the statute of limitations for filing a new claim in state court has passed. *See* 29 U.S.C. § 255(a) (two year statute of limitations period for non-willful violations). Furthermore, we are without authority to remand the matter to the state courts. *See* 28 U.S.C. § 1447(c) (remand to state court only where cases improperly removed to federal court). However, it may be possible that the Oregon courts will invoke principles of equitable tolling in order to review these claims, *see* Oregon Revised Statute 12.220. Regardless, we lack jurisdiction.

### III.

■ Federal courts lack jurisdiction over FLSA cases brought against States in the absence of a waiver of immunity. There is no evidence that Oregon waived its immunity and the district court did not err in dismissing both cases for lack of subject matter jurisdiction.

AFFIRMED.