**566**

**Anthony Paul HUNTER, Petitioner–Appellant,**

v.

**Jean HILL, Superintendent, Eastern Oregon Correctional Institution, Respondent–Appellee.**

No. 01–35416.

D.C. No. CV–99–00089–HO.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

Anthony Paul Hunter, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, we review a district court's denial of a petition for writ of habeas corpus de novo, *Bonin v. Calderon,* 59 F.3d 815, 823–24 (9th Cir.1995), and we affirm.

Hunter makes several contentions based upon the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His primary argument is that *Apprendi* is a new rule of constitutional law applicable to his sentence retroactively pursuant to *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Hunter's contentions are foreclosed by this court's recent decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 672–73 (9th Cir.2002) (concluding that *Apprendi* does not apply retroactively to cases on collateral review).[1]

**AFFIRMED.**

**Darrell D. SMITH; et al., Plaintiffs–Appellants,**

v.

**State of OREGON, Defendant–Appellee.**

No. 01–35514.

D.C. No. CV–00–00326–REJ.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, Hunter's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We note that even if *Apprendi* applied retroactively, it is not implicated in this case. Hunter received a sentence of 130–months after being convicted of a class A felony subject to a statutory maximum sentence of 20 years. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000) (holding that *Apprendi* is not implicated where a court's finding does not expose a

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

### MEMORANDUM**

Darrell D. Smith and two other Oregon residents appeal pro se the district court's order dismissing their 42 U.S.C. § 1983 action for failure to state a claim. We review de novo. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellants contend that the Oregon Vehicle Code and its enforcement by state officials are unconstitutional. The district court properly dismissed this action under the Eleventh Amendment because the State of Oregon has not consented to suit. *See Quillin v. Oregon,* 127 F.3d 1136, 1138 (9th Cir.1997) (per curiam); *Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon,* 139 F.3d 1259, 1263 (9th Cir.1998) (holding Eleventh Amendment bars suits against state by its own citizens).

**AFFIRMED.**

**Abraham John PUSA, Plaintiff–Appellant,**

v.

**The FEDERAL BUREAU OF INVESTIGATION, Defendant–Appellee.**

No. 01–56088.

D.C. No. CV–00–12384–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

---

defendant to a greater punishment than authorized by the jury's guilty verdict).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by *Ninth Circuit Rule 36–3.*