Karl WHITMIRE, Plaintiff–Appellant,

v.

State of ARIZONA; Arizona Department of Corrections, Defendants–Appellees.

No. 00–16896.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Filed Aug. 12, 2002.

Courtney Joslin, San Francisco, CA, and Martha Matthews, Los Angeles, CA, for the plaintiff-appellant.

Daniel P. Schaack, Assistant Attorney General, Phoenix, AZ, for the defendants-appellees.

Before HUG, and TASHIMA, Circuit Judges, and SEDWICK,* District Judge.

## OPINION

TASHIMA, Circuit Judge.

Karl Whitmire ("Whitmire") appeals the district court's dismissal of his constitutional equal protection claim, brought against the Arizona Department of Corrections ("ADOC"), which prohibits same-sex kissing and hugging during prison visits, unless the visitors are members of the inmate's family. The ADOC asserted, without corroborating evidence, that the visitation policy furthered the legitimate penological interest of correctional safety. The district court agreed with the ADOC on the basis of that naked assertion. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

## I. BACKGROUND

ADOC regulations on inmate visitation provide: "Kissing and embracing shall be permitted only at the beginning and end of each visit and shall not be prolonged." These same regulations, however, further provide that "[s]ame-sex kissing, embracing (with the exception of relatives or immediate family) or petting" is prohibited.

Whitmire and William Lyster ("Lyster") are an openly gay couple; Lyster is a prisoner incarcerated in the Arizona correctional system. Lyster was instructed by prison staff that he was not permitted to hug or kiss Whitmire during visits, and after Lyster briefly hugged Whitmire during a visit, Lyster was told by ADOC officials that "[i]f that happens again it will be a long time before you see him again."

■ Whitmire and Lyster filed suit alleging that the State of Arizona violated their rights under the First and Third Amendments to the United States Constitution, and Title VII of the Civil Rights Act of 1964.[1] The ADOC filed a motion to

---

\* Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

1. While the Complaint never alleged an equal protection violation per se, the district court held: "Although Plaintiff does not mount an explicit equal protection challenge to the ADOC policy, broadly construed, the Complaint appears to allege that the same-sex hugging prohibition discriminates against homosexuals." Whitmire asserts on appeal that the ADOC policy violates constitutional equal protection because it constitutes both sexual orientation and sex-based discrimination.

dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court granted the motion and dismissed Whitmire's action.[2] Whitmire timely appeals.

## II. STANDARD OF REVIEW

■ The district court may grant a motion to dismiss for failure to state a claim only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir.1993). We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

## III. DISCUSSION

■ The Supreme Court held in *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Under rational basis review,[3] the issue is whether there is a "valid, rational connection" between the prison regulation and the asserted, legitimate governmental interest. *Id.*

■ A dismissal on the pleadings, without requiring any evidence corroborating that a rational connection exists between the visitation policy and correctional safety, is appropriate only when a common-sense connection exists between the prison regulation and the asserted, legiti-

mate governmental interest. *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999). Here, the ADOC asserts that its visitation policy protects inmates from being labeled as homosexuals and from being targeted for physical, sexual, or verbal abuse on account of such labeling. The ADOC's visitation policy, however, does not possess a common-sense connection to the concern against homosexual labeling; thus, the district court erred when it upheld the ADOC policy without requiring any corroboration.

Common sense indicates that an inmate who intends to hide his homosexual sexual orientation from other inmates would not openly display affection with his homosexual partner during a prison visit. Rather, prisoners who are willing to display affection toward their same-sex partner during a prison visit likely are already open about their sexual orientation. Whitmire's and Lyster's situation is illustrative. Lyster openly told other prisoners that he was gay. In situations like this, Arizona's policy prohibiting same-sex displays of affection during visitation does nothing to prevent the marking of homosexual prisoners. *See Espinoza v. Wilson*, 814 F.2d 1093, 1098 (6th Cir.1987) (finding the homosexual "marking" justification unbelievable when " 'neither [plaintiff] tried to hide the fact that they were homosexual' ").

## IV. CONCLUSION

The district court erred in holding, on a 12(b)(6) motion, that a common-sense con-

---

2. When this case was originally filed, by both Whitmire and Lyster, it was automatically assigned to the district court's *pro se* prisoner claims track. Lyster subsequently dismissed his claims, leaving Whitmire as the sole plaintiff, and the case was reassigned to the standard civil track. Although he is not a prisoner, Whitmire has standing to challenge the prison regulation. *See Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir.2001) (recognizing standing of non-prisoner pub-

lisher to challenge prison regulation) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)).

3. Whitmire argues that heightened, intermediate scrutiny is justified because the ADOC regulations discriminate on the basis of sex. We do not reach this argument, however, because we conclude that the ADOC visitation policy does not survive rational basis review.

nection exists between the ADOC visitation policy and the penological interest of correctional safety.[4] The judgment is reversed and the case is remanded to the district court for further proceedings.

**REVERSED and REMANDED.**

SEDWICK, District Judge, concurring.

I concur, but write briefly to elaborate on the point made in footnote 4; our observations regarding Whitmire's and Lyster's situation do not portend any particular outcome. This case is remanded for development of a factual record, because the existing record affords virtually no information. It does not show how prison visits are arranged or structured, where they take place, whether inmates from several cell blocks enjoy visitation rights at the same time, how homosexual inmates other than Lyster might behave in the absence of the challenged policy, whether an open display of physical affection between Whitmire and Lyster might affect other prisoners' behavior even though Lyster's sexual orientation were already known, nor any of the other facts that may bear upon why prison officials, exercising their discretion, decided to implement the challenged policy.

4. We emphasize that we are ruling only on a 12(b)(6) dismissal on the pleadings. We intimate no view on the merits after the development of an appropriate record.