Alec GARBINI, et al., Plaintiffs—
Appellants,

v.

PROTECTION ONE, INC., Defendant,

and

Arthur Andersen LLP, Defendant—
Appellee.

No. 01–56965.
D.C. No. CV–99–03755–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 23, 2002.

Before REINHARDT, TROTT, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's dismissal with prejudice of their Third Consolidated Amended Class Action Complaint for failure to state a claim against defendant Arthur Andersen. Because we hold that plaintiffs' complaint is sufficient to state a claim under Section 11 of the 1933 Securities Act, 15 § U.S.C. 77k, we reverse.

A dismissal for failure to state a claim pursuant to Federal Rule of Civil Proce-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dure 12(b)(6) is reviewed de novo. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001). "The district court may grant a motion to dismiss for failure to state a claim only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Whitmire v. Arizona*, 298 F.3d 1134, 1136 (9th Cir.2002). All facts alleged in the complaint are taken to be true and construed in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).

Essentially, plaintiffs argue that the district court erred in finding that their complaint established a Section 11(e) defense for Andersen because the court focused entirely on a statement within the complaint that Protection One's Registration Statement and Prospectus, incorporating Andersen's audit opinion, "apparent[ly] understate[d]" Protection One's earnings for 1997. To establish a prima facie Section 11 claim, all a plaintiff must demonstrate is a "material misstatement or omission" in a registration statement. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *Kaplan v. Rose*, 49 F.3d 1363, 1371 (9th Cir.1994). Section 11(e) of the 1933 Securities Act provides a defendant with an affirmative defense if it can prove that the depreciation in value of the securities resulted from factors other than its allegedly false or misleading misstatement. 15 U.S.C. § 77k(e). We have emphasized elsewhere, however, the "broad nature" of "loss causation" in the context of Section 11 claims. *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir.1994). *See also In re McKesson HBOC, Inc., Sec. Litig.*, 126 F.Supp.2d 1248, 1259 (N.D.Cal.2000) (finding that plaintiff need only show that omitted fact "would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information available") (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976)).

Here, had the district court properly drawn all inferences in favor of plaintiffs, it could not have held that the complaint failed to establish loss causation for plaintiffs. First, the complaint itself did allege that Protection One's financial results were "materially overstated"; this phrase *immediately* follows the reference to an "apparent understatement." Second, the complaint sufficiently alleges that improper amortization of customer accounts and the goodwill associated with them led to the material overstatement of Protection One's 1997 earnings: a misrepresentation that "touches upon" the drop in stock price from $9.50 per share on June 2, 1998, to its price of approximately $3.13 per share at the time plaintiffs filed their first complaint. *Worlds of Wonder*, 35 F.3d at 1422. While the demonstration that a Section 11 plaintiff actually benefitted financially after an allegedly false or misleading registration statement was issued will compel a district court to dismiss the complaint, these facts are not present here. *Compare In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d. 1248 (N.D.Cal.2000).

In its briefs and at oral argument, defendant Andersen raised arguments, strongly contested by plaintiffs, that a change in amortization rates, which Protection One's February 2001 restatement of earnings allegedly put into effect, would fail to establish plaintiffs' allegations that Protection One's 1997 earnings were overstated. (Plaintiffs dispute, inter alia, whether the February 2001 restatement even applies the correct amortization standard, and whether, if it did, it applied that rate to all relevant accounts.) Such fact-intensive inquiries, normally aided by the testimony of expert witnesses, are best left to trial or summary judgment, and not to a

motion to dismiss. *Rennie & Laughlin, Inc. v. Chrysler Corp.,* 242 F.2d 208, 213 (9th Cir.1957)("[A] case should be tried on the proofs rather than on the pleadings."). Accordingly, the judgment of the district court is REVERSED.