William CABLE, MD, Plaintiff—Appellant,

v.

DEPARTMENT OF DEVELOPMENTAL SERVICES OF THE STATE OF CALIFORNIA; Fairview Developmental Center; Dennis G. Amundson, individually and as Director of Developmental Services of the State of California; Hugh Kohler, individually and as Executive Director of Fairview Developmental Center; Lilia Tan Figueroa, individually ans as Medical Director of Fairview Developmental Center; Karen Larson, individually and as Program Director for Fairview Developmental Center; San Diego Regional Center, Defendants—Appellees.

No. 01–56723.

D.C. No. CV–96–01190–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Dec. 17, 2002.

Before PREGERSON, THOMPSON and WARDLAW, Circuit Judges.

MEMORANDUM *

Dr. William Cable appeals the dismissal of his retaliation action against the California Department of Developmental Services ("DDS") and several state officials under Title V of the Americans with Disabilities Act ("ADA").[1] The district court dismissed the action against the state officials on the ground that individuals may not be held liable under the ADA, and against the DDS because Congress had not validly abrogated the agency's Eleventh Amendment immunity. Cable contends that the district court erred because the DDS waived or, alternatively, Congress validly abrogated its immunity. He also argues that state officials may be sued in their official capacities under the ADA. We reverse and remand.

We review *de novo* issues regarding Eleventh Amendment immunity. *Hill v. Blind Indus. and Servs.*, 179 F.3d 754, 756 (9th Cir.1999). We similarly review *de novo* the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Whitmire v. Arizona,* 298 F.3d 1134, 1136 (9th Cir.2002).

It is well settled that a state may waive its Eleventh Amendment immunity. *In re Lazar,* 237 F.3d 967, 976 (9th Cir.2001) ("A State's sovereign immunity is a personal privilege which it may waive at pleasure."). A waiver occurs "when the state's conduct during the litigation clearly manifests acceptance of the federal court's jurisdiction or is otherwise incompatible with an assertion of Eleventh Amendment immunity." *Hill,* 179 F.3d at 759. *See also Demshki v. Monteith,* 255 F.3d 986, 989 (9th Cir.2001) (recognizing "that Eleventh Amendment immunity is an affirmative defense ... that must be raised early in the proceedings to provide fair warning to the plaintiff.") (internal quotation omitted).

Here, the DDS actively participated in pre-trial proceedings for more than four years and waited until the eve of trial before asserting its immunity. Moreover, the DDS more than once affirmatively stated that "[i]n this case the state defendants do not oppose the plaintiff's opportunity to have his day in court on the merits of his claims founded on Titles II and V of the ADA," and that "[t]he state defendants in this action have not asserted sovereign immunity or Eleventh Amendment defenses to the filing of the instant lawsuit[.]"

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Title V prohibits retaliation against individuals who oppose unlawful acts under the ADA. 42 U.S.C. § 12203. Cable alleges that

the defendants retaliated against him after he asserted that certain practices of the state hospital at which he worked violated Title II of the ADA. Title II prohibits public entities from discriminating against individuals with a disability. 42 U.S.C. § 12132.

The state defendants knew they could have asserted sovereign immunity. *Cf. Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143–45, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *Quillin v. Oregon*, 127 F.3d 1136, 1139 (9th Cir.1997). In the years preceding *Board of Trustees v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the case on which the DDS relies in asserting immunity, the Supreme Court issued opinions concluding that Congress had not validly abrogated the States' sovereign immunity. *See, e.g., Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The DDS recognized that as a result, "the state of the law regarding the propriety of Congress' abrogation of the 11th Amendment immunity in enacting the ADA is in flux and not yet settled." Nevertheless, the agency not only failed to assert immunity, it represented (as late as January 2001) that it had expressly decided not to. We conclude the claim to sovereign immunity has been waived.[2]

We also conclude that the district court erred in dismissing Cable's second amended complaint against the state officials sued in their official capacities. *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir.1996) (interpreting the applicable statutory provision to permit actions against government officials in their official capacities). On remand, Cable may reinstate these officials as defendants in this action.

**REVERSED and REMANDED.**

---

2. In light of our conclusion that the DDS waived its immunity, we need not address (and express no opinion as to) whether Congress validly abrogated the state agency's immunity in enacting Titles II and V of the ADA.

