Vijay R. BHAGAT; Kalpana V. Bhagat; Rohini V. Bhagat; Ankit V. Bhagat, Plaintiffs–Appellants,

v.

CITY OF SANTA ANA, a Municipal Corporation, Defendant–Appellee.

No. 02–55706.

D.C. No. CV–01–00381–AHS.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 5, 2003.*

Decided March 10, 2003.

Before LAY,** HAWKINS, and TALLMAN, Circuit Judges.

## MEMORANDUM***

### I.

Vijay R. Bhagat, Kalpana V. Bhagat, Rohini V. Bhagat, and Ankit V. Bhagat (collectively the "Bhagats"), filed a civil rights action under 42 U.S.C. § 1983 against the City of Santa Ana, California, alleging that the Santa Ana Police Department violated the Equal Protection Clause of the Fourteenth Amendment. Their claim is based upon the slow response time of the police to their 911 calls during a single assault.

The Bhagats are the resident owners of a motel in Santa Ana. On April 13, 2000, around midnight, Raul Najera Badillo entered the motel and became violent, threatened, and eventually caused bodily harm to the Bhagats, especially Kalpana Bhagat. The Bhagats allege they made numerous calls to the Santa Ana Police Department for assistance and to the emergency 911 number for the City, but did not receive police assistance in time to prevent damage to their property or their persons.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The Bhagats filed suit in the United States District Court for the Central District of California on April 4, 2001. The City filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) on April 30, 2001. In lieu of filing a response, the Bhagats filed a First Amended Complaint which continued to allege violations of their civil rights under § 1983. The City filed another motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Bhagats opposed the City's motion. The district court granted the City's motion and allowed the Bhagats leave to file a Second Amended Complaint. The Bhagats filed their Second Amended Complaint on November 19, 2001, after which the City filed a third motion to dismiss on November 30, 2001. On March 27, 2002, the district court granted the City's third motion to dismiss with prejudice. The Bhagats now appeal.

## II.

We review a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) *de novo*. *See Whitmire v. Arizona,* 298 F.3d 1134, 1136 (9th Cir.2002).

To state a cause of action under § 1983 and the Equal Protection Clause, the Bhagats must assert that they were treated differently than others similarly situated and that the disparate treatment was intentional. *See Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1112 (9th Cir.1991).

■ The Bhagats fail to make any allegation in their complaint that they were intentionally discriminated against. The Bhagats, in fact, do not identify the type of discrimination practiced by the City. There is no allegation in their Second Amended Complaint that the City failed to send timely help as a result of the Bhagats' race, religion, gender, or other status.

Our review of the Bhaghats' complaint confirms that they failed to allege intentional discrimination. They also failed to notify the City of the basis for their equal protection claim. As such, dismissal by the district court was not improper.

## III.

■ The Bhagats claim that even if their amended complaint does not satisfy notice pleading standards for an equal protection claim, leave to amend should be liberally applied "in accordance with standard pleading practices." Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires." However, we have held that a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989).

The Bhagats were given specific instructions on what was needed within their amended complaint. In its order of October 31, 2001, the district court noted that the First Amended Complaint did not indicate "what, if any, intentional discrimination was targeted against plaintiffs, or if plaintiffs are members of a protected class." The Bhagats were given the factual bases they needed to sustain their complaint. Yet, they still failed to correct its inadequacies.

We can find no abuse of discretion in the district court as the Bhagats had three opportunities to amend. The Bhagats filed two separate amended complaints in which they never supplied new facts but only altered their legal arguments. This court has found that the failure to supply new facts within an amended complaint supports a denial of further leave to amend. *Allen v. City of Beverly Hills,* 911 F.2d 367, 374 (9th Cir.1990).

Accordingly, we find that the court below did not abuse its discretion in denying the Bhagats further leave to amend their complaint following its 12(b)(6) dismissal.

## IV.

The decision of the district court is hereby AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.