**Jeffrey L. HOLLOWAY, Plaintiff-Appellant,**

v.

**C. COHEN; et al., Defendants–Appellees.**

**No. 01–17261.**

**D.C. No. CV–00–20644–JW.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Holloway's request for counsel to represent him at oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Jeffrey Holloway appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action against prison officials alleging excessive force, unconstitutional conditions of confinement, and due process violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Whitmire v. Arizona*, 298 F.3d 1134, 1136 (9th Cir.2002), and we affirm in part, reverse in part, and remand.

Holloway alleged that correctional officers attempted to slam his head into a water-filled hole and beat him repeatedly as other correctional officers watched and smiled, even though Holloway did not resist or threaten the correctional officers. Holloway alleged that his resulting injuries included contusions, abrasions and numerous lumps on his head. These allegations are sufficient to state a claim. *See Hudson v. McMillian*, 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (prison officials use excessive force in violation of the Eighth Amendment when they act maliciously for the purpose of causing harm whether or not significant injury is evident). Thus, the district court erred by dismissing Holloway's excessive force claim on the ground that he suffered only de minimis injury. *See id.; Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002).

Holloway alleged that while in administrative segregation, defendants knowingly deprived him of clothing, a mattress, additional blankets, toilet paper and the ability to shower for four days while vents

blew cold air into the cell night and day. These allegations are sufficient to state a claim. *See Wilson v. Seiter,* 501 U.S. 294, 304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (a low cell temperature at night combined with a failure to issue blankets may establish an Eighth Amendment violation). Thus, the district court erred by dismissing Holloway's conditions of confinement claim on the ground that the deprivations he suffered were not objectively, sufficiently, serious. *See id.*

■ The district court properly dismissed Holloway's substantive due process claim because Holloway failed to allege that his detention in administrative segregation constituted a deprivation of liberty that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998).

Accordingly, we reverse the dismissal of Holloway's Eighth Amendment claims and remand for further proceedings as to those claims.

On remand, the district court should decide anew whether to exercise supplemental jurisdiction over Holloway's state law claims, *see Executive Software N. Am. Inc. v. United States District Court,* 24 F.3d 1545, 1552 (9th Cir.1994), and should address Holloway's civil conspiracy claim, *see Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th Cir.1989).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.