Bernard N. ARMAS, II, Plaintiff—
Appellant,

v.

SAN DIEGO COUNTY OF, OFFICE
OF EDUCATION; et al.,
Defendants—Appellees,

and

Patrick MATARAZZO, Defendant.

No. 04–56361.

D.C. No. CV–04–00273–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 11, 2005.

Bernard N. Armas, II, San Diego, CA,
Pro se.

Jack M. Sleeth, Jr., Esq., Stutz, Galla-
gher, Artiano, Shinoff & Holtz, Karen M.
Walter, Esq., AGCA—Office of the Cali-
fornia Attorney General, Horacio Barraza,
Esq., Terry Singleton, Esq., Singleton &
Associates, Daniel Ernest Marshall, Esq.,
Law Offices of Daniel E. Marshall, San
Diego, CA; and Joseph R. Colton, Esq.,
California Teachers Association, Santa Fe
Springs, CA, for Defendants—Appellees.

Before KOZINSKI, HAWKINS, and
CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

MEMORANDUM **

Bernard N. Armas, II appeals pro se the district court's judgment dismissing his civil rights action for lack of subject matter jurisdiction and for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir.2001) (subject matter jurisdiction), *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001) (failure to state a claim). We affirm.

The district court properly dismissed Armas' Title VII claims against the California Commission on Teaching Credentials ("CCTC") because he failed to file his complaint within 90 days of receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. *See Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir.1992) (internal citation omitted).

The district court properly dismissed Armas' Title VII claims against the remaining defendants because he only named CCTC in his charge filed with the EEOC. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) (plaintiffs must exhaust administrative remedies before seeking federal adjudication of claims).

The district court properly concluded that defendants San Ysidro School District, its officials, and CCTC were immune from suit under the Eleventh Amendment. *See* Cal. Educ.Code § 44210 (establishing the CCTC); *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1100 n. 4 (9th Cir. 2000) (California school districts and their officials entitled to Eleventh Amendment

immunity); *Quillin v. Oregon,* 127 F.3d 1136, 1138 (9th Cir.1997).

The district court properly dismissed Armas' conspiracy claim for failure to state a claim cognizable under section 1983 because his conclusory allegations are insufficient to state a claim for relief. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (we need not "accept as true allegations that are merely conclusory, deductions of fact, or unreasonable inferences."); *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) (stating that conclusory allegations of a conspiracy do not support a section 1983 claim).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims. *See San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 478 (9th Cir. 1998).

Armas' remaining contentions lack merit.

Appellee La Prensa Munoz's motion for extension of time to file an opposition brief is denied.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.