**Harvey J. THOMPSON, III,**
**Plaintiff–Appellant,**

v.

**The REGENTS OF the UNIVERSITY OF CALIFORNIA, Defendant–Appellee.**

**No. 04–16855.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Nov. 14, 2006.

Harvey J. Thompson, III, El Cerrito, CA, pro se.

Eric Behrens, Esq., Christopher M. Patti, Esq., University of California Office of the General Counsel, Oakland, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY **, U.S. District Judge.

MEMORANDUM ***

Harvey J. Thompson, III, appeals pro se the district court's dismissal of his action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., against the Regents of the University of California ("the Regents") because it lacked subject matter jurisdiction due to the Regents' Eleventh Amendment immunity. We review de novo a district court's conclusion that it lacks subject matter jurisdiction, *Quillin v. Oregon*, 127 F.3d 1136, 1138 (9th Cir.1997) (per curiam), and we affirm.

Thompson contends that the Regents consented to be sued in federal court, and thereby waived its immunity under the Eleventh Amendment. He points to Article IX, Section 9(f) of the California Constitution, which states that California has the power to sue and be sued, and to the Regents' Personnel Policies for Staff Members ("PPSM"), which states that non-exempt employees "shall be subject to all FLSA provisions." However, the language in both the California Constitution and in the Regents' PPSM falls short of the express surrender of sovereignty required for a waiver of Eleventh Amendment immunity. *See Florida Dep't Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam) (noting that waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction") (internal quotations omitted). Although Thompson argues that the PPSM language differs from the alleged waiver in *Florida Department of Health*, in that it expressly states that all employees are subject to all FLSA provisions, we fail to see how this is materially distinguishable from the explicit agreement to obey federal law that was at issue in that case. As in that case, the Regents' PPSM "can hardly be deemed an express waiver of Eleventh Amendment immunity." *Id.*

**AFFIRMED.**

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

