**Melvin HOLST, Plaintiff–Appellant,**

v.

**State of OREGON, Defendant–Appellee.**

No. 06–35378.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 24, 2007.

Melvin Holst, Gresham, OR, pro se.

Erin C. Lagesen, Esq., Attorney General Office of Oregon, Salem, OR, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Melvin Holst appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action alleging that the state of Oregon violated his constitutional right to a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (dismissal based on *Rooker–Feldman* doctrine); *Quillin v. Oregon,* 127 F.3d 1136, 1138 (9th Cir.1997) (per curiam) (dismissal based on Eleventh Amendment immunity), and we affirm.

The district court properly concluded that it lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine because Holst's action amounted to a forbidden "de facto appeal" of a state court judgment and raised a constitutional claim that was "inextricably intertwined" with that state court judgment. *See Noel,* 341 F.3d at 1163–65; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments).

The district court also properly concluded that the Eleventh Amendment bars Holst's action. *See Micomonaco v. State of Wash.,* 45 F.3d 316, 319 (9th Cir.1995) ("[T]he Eleventh Amendment bars a citizen from bringing suit against his own state in federal court.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

