**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TYRONE ROGERS,

               Plaintiff - Appellant,

v.

G. J. GIURBINO; et al.,

               Defendants - Appellees.

No. 13-55527

D.C. No. 3:11-cv-00560-IEG-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted July 7, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Tyrone Rogers, an inmate at Centinela State Prison, filed a complaint for injunctive relief and damages, alleging infringement of several constitutional rights under both 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA"). The district court

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

dismissed several of Rogers's § 1983 claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and others under Federal Rule of Civil Procedure 12(b)(6), all of which he challenges on appeal. Rogers also challenges the district court's grant of summary judgment in favor of Defendant P. Kuzil-Ruan on his RLUIPA claim. His claims arose from three ten-day emergency lockdowns, and rolling lockdowns connected to a statewide staff reduction plan. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, vacate in part, and remand for further proceedings.

1. Rogers's outdoor exercise and access to courts claims were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo a dismissal under § 1915(e)(2)(B)(ii), applying the same standard used to evaluate motions to dismiss under Rule 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint will survive a motion to dismiss "only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, even after *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), we "continue to construe *pro se* filings liberally." *Id.* at 342.

**2.** We affirm the district court's dismissal of Rogers's Eighth Amendment outdoor exercise claim because the allegations in the Second Amended Complaint ("SAC") are insufficient to state a claim for relief. To sustain such a claim, a plaintiff "must meet two requirements, one objective and one subjective." *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Under the objective requirement, "the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks omitted). "The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Id.* Rogers's allegations that he was denied outdoor exercise for ten consecutive days three times, and one day every two or four days otherwise, are insufficient to satisfy either prong of an Eighth Amendment claim. *See, e.g.*, *May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1212-13 (9th Cir. 2008) (as amended).

**3.** We also affirm the district court's dismissal of Rogers's access to courts claim. Allegations of a backward-looking access to courts claim must include facts about the underlying "lost" cause of action, including the lost remedy, and "the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002). Examples of such a "loss" include the "loss or inadequate settlement of

a meritorious case," "the loss of an opportunity to sue," or "the loss of an opportunity to seek some particular order of relief." *Id.* at 414. Here, there was no lost opportunity or actual injury stemming from the allegations in the SAC. Rogers alleged that he mailed his application for leave to file a second or successive petition—the filing at issue—with the Ninth Circuit on July 29, 2010.[1] That petition was denied on January 12, 2011 for failure to make a prima facie showing under 28 U.S.C. § 2244(b)(2). Thus, Rogers did not lose an opportunity to sue or request relief based on an inability to file timely. Further, Rogers did not allege that he had insufficient time to complete the filing, or that with more time the petition for leave to file a second or successive habeas petition would have been meritorious.

**4.** Reviewing de novo, we reverse the district court's Rule 12(b)(6) dismissal of Rogers's First Amendment claim. The SAC sufficiently alleges Rogers's sincerely held religious beliefs. *See Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015). Defendants did not show that Rogers's allegations in the SAC

---

[1] We take judicial notice of the Ninth Circuit docket and documents filed in Case No. 10-73249, the habeas proceeding referenced by Rogers in his SAC. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (recognizing that under Federal Rule of Evidence 201, a court may take judicial notice of its own records in other cases). According to the docket for Case No. 10-73249, the application for leave to file a second or successive petition was filed with this court on October 22, 2010.

4

demonstrate that the challenged actions "reasonably related to legitimate penological interests" under the factors outlined in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *See Walker*, 789 F.3d at 1138. This issue is best resolved at summary judgment or at trial, if necessary. Further, the district court improperly relied on *Whitmire v. Arizona*, 298 F.3d 1134 (9th Cir. 2002), for the proposition that, where a common-sense connection exists between an asserted penological interest and the policy or action at issue, a district court need not analyze the other three *Turner* factors. *See, e.g.*, *Shakur v. Schriro*, 514 F.3d 878, 885-88 (9th Cir. 2008) (remanding for further factual development after analyzing all four *Turner* factors where a rational nexus existed between a prison's dietary policies and its "legitimate administrative and budgetary concerns"); *Thornburgh v. Abbott*, 490 U.S. 401, 414-18 (1989) (finding a connection, and then discussing the second, third, and fourth *Turner* factors). Indeed, *Whitmire* stated that a dismissal on the pleadings is "appropriate only when" a common-sense connection exists, and reversed the dismissal because there was no such connection in that case. *Whitmire*, 298 F.3d at 1136 (emphasis added). *Whitmire* did not hold that dismissal is always appropriate when such a connection exists, without regard to the other *Turner* factors.

**5.** We vacate the district court's dismissal of Defendant G.J. Giurbino and Defendant Domingo Uribe, Jr. in their individual capacities. Rogers's allegations of causation as to these two defendants are insufficient in light of *Iqbal*, 556 U.S. at 677-78. However, the record demonstrates that Rogers may be able to correct these deficiencies in an amended complaint. *See* Kuzil-Ruan's Declaration, filed on November 13, 2012. On remand, Rogers may request leave to amend his complaint regarding Giurbino and Uribe.

**6.** The allegations are sufficient to support a claim against Giurbino and Uribe in their official capacities. Rogers alleged that the staff reduction plan was implemented "in order to obtain a 3% salary saving via Califs [*sic*] financial deficit," meaning the State of California was the alleged "moving force" behind Rogers's injuries. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted). Assuming the allegations in the SAC are true, California's policy would have played a role in violating Rogers's constitutional rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, Rogers alleged facts sufficient to pursue a cause of action for injunctive relief against Giurbino and Uribe in their official capacities.

**7.** In the district court, Defendants argued in their motion to dismiss that they were entitled to qualified immunity. Because the court dismissed Rogers's First

6

Amendment claim and all claims against Giurbino and Uribe, it did not address whether Giurbino and Uribe are entitled to qualified immunity, or whether Kuzil-Ruan is entitled to qualified immunity on Rogers's First Amendment claim. On remand, the district court should address these issues in the first instance.[2]

**8.** We review de novo a district court's decision to grant summary judgment. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). Applying that standard, we reverse the district court's grant of summary judgment to Kuzil-Ruan on Rogers's RLUIPA claim for injunctive relief only. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014). Contrary to Kuzil-Ruan's contention, there is a genuine issue of material fact as to whether defendants substantially burdened Rogers's religious exercise. *See Walker*, 789 F.3d at 1134. To defeat a RLUIPA claim, the government must demonstrate that any substantial burden on a plaintiff's exercise of his religion "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For the least

---

[2]To the extent that Rogers alleged any freestanding Fourteenth Amendment claim, we affirm the district court's dismissal. The SAC does not allege any "intent or purpose to discriminate against [Rogers] based on membership in a protected class," an essential allegation of an equal protection claim, *Barren*, 152 F.3d at 1194 (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)), or any protected interest that Defendants allegedly violated that could support a due process claim, *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

restrictive means prong, "[p]rison officials must show that they 'actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice.'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 999 (9th Cir. 2005)). By contrast, Kuzil-Ruan and her successors, all former Facility Captains at Centinela, explained in their declarations that, for each day of a lockdown, they considered only whether group worship was possible, and then concluded that it was necessary to limit religious services to in-cell only. There was no evidence that anyone "ever considered a less restrictive approach." *Warsoldier*, 418 F.3d at 999. Furthermore, there exists "a factual dispute as to . . . the existence of less restrictive alternatives," which renders summary judgment inappropriate. *Shakur*, 514 F.3d at 891. The record suggests that group religious services could have been scheduled during the lockdowns, as several inmates at a time were allowed out of their cells for other reasons. For these reasons, we reverse the district court's grant of summary judgment and remand for further proceedings.

**9.** Before this court, Defendants argued that Rogers's claim for injunctive relief is moot. However, the present record is inadequate for us to make that determination. As this argument also implicates whether injunctive relief would be

8

proper here under the changed circumstances as argued by Defendants, the district court should examine both of these related issues on remand.

10. Finally, Rogers raised on appeal the district court's failure to enforce its order granting his motion to compel discovery against Kuzil-Ruan. The district court adopted a magistrate judge's report and recommendations granting in part Rogers's motion to compel discovery six days after Rogers filed his opposition to Kuzil-Ruan's motion for summary judgment, and two months after discovery closed. On remand, the district court should allow Rogers the benefit of its grant of his motion to compel discovery.

11. Each party shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**