NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMARA TRICIA ROBERSON, | No. 15-35394 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05298-RBL |
| v. | |
| TACOMA COMMUNITY COLLEGE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 16, 2016**

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Tamara Tricia Roberson appeals pro se from the district court's summary judgment in her employment action alleging race-based discrimination and retaliation claims under Title VII and the Fair Labor Standards Act ("FLSA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County*

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004) (summary judgment); *Quillin v.*

*Oregon*, 127 F.3d 1136, 1138 (9th Cir. 1997) (dismissal for lack of subject matter

jurisdiction).  We may affirm on any basis supported by the record.  *Gordon v.*

*Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009).  We affirm.

The district court properly granted summary judgment on Roberson's

discrimination claim because Roberson failed to raise a genuine dispute of material

fact as to whether defendant's legitimate, nondiscriminatory reasons for its

reassignment of some of Roberson's job duties and Roberson's classification as an

exempt, temporary employee were pretextual.  *See Vasquez*, 349 F.3d at 640-42 &

n.5 (setting forth the burden shifting framework for Title VII employment

discrimination claims).

Summary judgment on Roberson's retaliation claim was proper because

Roberson failed to raise a genuine dispute of material fact as to whether

Roberson's EEOC complaints were the "but-for cause" of defendant's

reassignment of some of her job duties and change in its appointment notification.

*See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir.

2013) (setting forth elements of a prima facie case of retaliation under Title VII,

and explaining that plaintiff must show that protected conduct was a "but-for

cause" of the adverse employment action). Even if Roberson established a prima facie case, Roberson failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reasons for the reassignment of her job duties and appointment notification were pretextual. *See Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010) ("[The] plaintiff bears the ultimate burden of showing defendant's stated reasons to be merely pretextual, once defendant has given legitimate, non-retaliatory grounds for its actions.").

The district court properly dismissed Roberson's claims under the FLSA because defendant is immune under the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 758 (1999) (state immune under the Eleventh Amendment from claim brought under the FLSA).

We reject as unsupported by the record Roberson's contention that the district court did not address her state law misclassification argument.

**AFFIRMED.**

3                                                                15-35394